**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHARLES J. SMITH,

                                Plaintiff,

        v.                                                     9:18-CV-1107
                                                                    (DNH/DJS)

JAYNES,

                                Defendant.

**APPEARANCES:**                    **OF COUNSEL:**

CHARLES J. SMITH
96-A-6765
Plaintiff, *Pro Se*
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

HON. LETITIA JAMES                    RICHARD C. WHITE, ESQ.
New York State Attorney General       Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

<u>**DECISION and ORDER**</u>

**I. BACKGROUND**

        Plaintiff Charles J. Smith commenced this action by filing a *pro se* civil rights

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with a motion to proceed

*in forma pauperis* and a motion for preliminary injunctive relief.  Dkt. No. 1 ("Compl.");

Dkt. Nos. 6 & 7.[1]  By Decision and Order filed November 9, 2018, the Honorable David N. Hurd granted Plaintiff's IFP Application, but following review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that it was subject to dismissal for failure to state a claim upon which relief may be granted.  Dkt. No. 12.  In light of his *pro se* status, Plaintiff was afforded an opportunity to submit an amended complaint.  *Id*.

Plaintiff then filed an Amended Complaint.  Dkt. No. 14.  By Decision and Order filed January 16, 2019, Judge Hurd dismissed some of Plaintiff's claims and some of the named Defendants, and directed service and a response regarding Plaintiff's First Amendment retaliation claim against Corrections Officer Jaynes, which survived *sua sponte* review.  Dkt. No. 16.

Presently before this Court are two letter motions from Plaintiff, which the Court liberally construes as seeking (1) recusal of the undersigned, and (2) disqualification of the New York State Attorney General's Office from representing Defendant Jaynes.  Dkt. No. 11 ("Motion for Recusal"); Dkt. No. 31 ("Motion to Disqualify").  Counsel for Defendant Jaynes has opposed Plaintiff's Motion to Disqualify.  Dkt. No. 34.[2]

---

[1]  Plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed.  Dkt. No. 3.  Thereafter, Plaintiff properly re-filed his IFP Application with the inmate authorization form required in this District, and this action was re-opened.  Dkt. Nos. 7, 8, 9.

[2]  The Court is aware that Plaintiff has also recently filed a letter regarding counsel in an Article 78 proceeding. *See* Dkt. No. 37.  The Court has reviewed that letter and finds that it does not afford a basis for judicial relief in this action.

## II. MOTION FOR RECUSAL

In his Motion for Recusal, Plaintiff states that he is "opposed to the use of a magistrate judge no matter how convient [sic] it may or may not be for [him.]" Motion for Recusal. Plaintiff's motion does not raise any specific concerns regarding the undersigned.

A federal judge must disqualify himself in any proceeding where "his impartiality might reasonably be questioned", "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. §§ 455(a) & (b)(1).[3] In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Hughes v. City of Albany*, 33 F. Supp. 2d 152, 153 (N.D.N.Y. 1999).

"[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (noting that, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited"). The requirement that a judge recuse himself whenever his "impartiality might reasonably be questioned" is commonly limited to those circumstances in which the alleged partiality

---

[3] There are other reasons for disqualification not relevant to the present motion. *See* 28 U.S.C. § 455(b)(2)-(5).

"stem[s] from an extrajudicial source." *Liteky v. United States*, 510 U.S. at 544 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993) ("[T]he source of the appearance of partiality must arise from some source other than the judge's previous involvement with cases that concerned the parties or witnesses in the present case.") (collecting cases); *Stantini v. United States*, 268 F. Supp. 2d 168, 179 (E.D.N.Y. 2003) ("It is well settled that a motion for recusal requires a showing of personal bias which is ordinarily based on extra-judicial conduct and not conduct which arises in a judicial context.").

In this case, Plaintiff appears to contend that the undersigned's recusal is appropriate simply because Plaintiff has requested that the entirety of this action be heard only by a district court judge and "the law allows for a plaintiff to choose and or not choose the use of a magistrate judge[.]" Motion for Recusal at p. 1. Plaintiff's argument is wholly without merit.

The assignment of a Magistrate Judge to an action is governed by the Federal Magistrates Act, which aims to promote the efficiency of the judiciary. *See* 28 U.S.C. § 631 *et seq.* The Federal Magistrates Act "distinguishes between nondispositive matters under 28 U.S.C. § 636(b)(1)(A) and dispositive matters heard pursuant to 28 U.S.C. § 636(b)(1)(B)." *United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001). "Under 28 U.S.C. § 636(b)(1)(A), *a district judge* may designate a magistrate judge to hear any nondispositive pretrial matter pending before the court." *Estate of Conners v. O'Connor*, 6 F.3d 656, 658

(9th Cir. 1993) (emphasis added). Regarding nondispositive pretrial matters heard by a Magistrate Judge, the Federal Magistrate Act provides, in pertinent part:

> [A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). "Pursuant to section 636(b)(1)(B), *a district judge* may authorize a magistrate judge to 'conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact, and recommendations for disposition' of motions that the magistrate cannot dispose of under section 636(b)(1)(A)." *Estate of Conners*, 6 F.3d at 658 (quoting 28 U.S.C. § 636(b)(1)(B)) (emphasis added). "'The primary difference between subsections 1(A) and 1(B) is that the former allows the magistrate to determine the matter (subject to the review of the district court for clear or legal error) while the latter allows the magistrate only to submit 'proposed findings and recommendations' for the district court's *de novo* review.'" *Id.* (quoting *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992)).

Thus, the Federal Magistrates Act makes clear that it is the District Court Judge, and not a party to a proceeding, that determines whether a Magistrate Judge will preside over certain aspects of a proceeding. The statute simply gives parties the authority to limit the scope of matters heard by a Magistrate Judge by withholding consent for magistrate review

of "any or all proceedings" in the civil action. *See* 28 U.S.C. § 636(b)(1), (c).

In short, Plaintiff has presented no grounds that require the undersigned's recusal. Accordingly, Plaintiff's Motion for Recusal is denied.

### III. MOTION TO DISQUALIFY

Plaintiff contends that the New York State Attorney General's Office is conflicted from assigning its attorneys to represent (and appear on behalf of) employees of the New York State Department of Corrections and Community Supervision ("DOCCS") sued in their individual capacities in a Section 1983 action brought by an inmate in DOCCS custody, and thus the New York State Attorney General's Office should be disqualified from representing (and appearing on behalf of) the defendant in this action. *See generally*, Dkt. No. 31-1.

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (internal quotation marks omitted). Such motions are generally considered with disfavor in this circuit because of their potential to interfere with a "client's right freely to choose his counsel" and because such motions "are often interposed for tactical reasons" and "inevitably cause delay." *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983). Accordingly, courts should take a "restrained approach" to motions to disqualify and grant them only in limited circumstances. *Bottaro v. Hatton Assoc.*, 680 F.2d 895, 896 (2d Cir. 1982). Thus, a movant bears a "heavy burden of proving facts required for disqualification" of opposing counsel. *Evans v. Artek*

*Sys. Corp.*, 715 F.2d at 794. "The disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72-73 (2d Cir. 1990).

> "A district court has the power 'to disqualify counsel where necessary to preserve the integrity of the adversary process,' typically in the following situations: (1) where an attorney's conflict of interests in violation of New York's Lawyer's Code of Professional Responsibility 'undermines the court's confidence in the vigor of the attorney's representation of his client'; or (2) 'where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, . . . giving his present client an unfair advantage.'"

*Grant v. Harvey*, 2012 WL 1958878, at *1 (S.D.N.Y. May 24, 2012) (quoting *Bd. of Educ. of New York City v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)).

New York's Public Officers Law provides, in pertinent part, for the defense of a state employee and representation by the Attorney General in a civil action brought in any state or federal court pursuant to section 1983. N.Y. Pub. Off. Law § 17(2). "The Attorney General is obligated to provide a defense to state correction officers in an action where the complaint alleges a claim pursuant to 42 U.S.C. § 1983." *Grant v. Harvey*, 2012 WL 1958878, at *1 (citing *Spitz v. Abrams*, 105 A.D.2d 904, 904 (3rd Dep't 1984)). The Attorney General is also obligated to "[p]rosecute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state, . . . in order to protect the interest of the state." N.Y. Executive Law § 63(1).

In this case, Plaintiff's remaining claim in this action alleges that Defendant Jaynes,

a corrections official employed at Cayuga Correctional Facility, violated his First Amendment rights by issuing him a false misbehavior report on July 19, 2018, in retaliation for Plaintiff verbally requesting to speak with a sergeant and filing a lawsuit against another corrections official from that facility. *See generally*, Am. Compl. Since Plaintiff has alleged that the events giving rise to his claim against Defendant Jaynes occurred while Defendant Jaynes was acting within the scope of his employment, and has brought this action pursuant to Section 1983, Defendant Jaynes is entitled to be represented by the New York State Attorney General's Office unless the Attorney General determines representation is inappropriate or the Court determines that a conflict of interest exists. *See* N.Y. Pub. Off. Law § 17(2); *Spitz v. Abrams*, 105 A.D.2d at 904.

The Assistant Attorney General who has appeared in this case on behalf of Defendant Jaynes has opposed Plaintiff's motion. *See* Dkt. No. 34. Thus, no determination was made by the attorney general that representation of the defendant would be inappropriate. Furthermore, there is no apparent conflict of interest with the New York State Attorney General's Office representing the Defendant in this case.

A party seeking disqualification must meet a high standard of proof before disqualification will be granted. *Evans v. Artex Sys. Corp.*, 715 F.2d at 791. Plaintiff has not met his burden in this regard. Based on the foregoing, plaintiff's Motion to Disqualify (Dkt. No. 31) is denied.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Recusal (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion to Disqualify Defendant's counsel (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: May 21, 2019
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge