**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHARLES J. SMITH,

                          Plaintiff,

    v.                                                                                              9:18-CV-1107
                                                                         (DNH/DJS)

JAYNES, *Corrections Officer*,

                          Defendant.
_____

**APPEARANCES:**                                                    **OF COUNSEL:**

CHARLES J. SMITH
96-A-6765
Plaintiff, *Pro Se*
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051

HON. LETITIA JAMES                                                 ERIK BOULE PINSONNAULT, ESQ.
New York State Attorney General                                    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

Numerous discovery issues have been raised with the Court by the *pro se* Plaintiff and counsel for the Defendant, Correction Officer Jaynes. *See* Dkt. Nos. 88, 92, & 94-100. As a result of these disputes, a telephone conference was held, on-the-record, on December 21, 2020, wherein defense counsel and Mr. Smith appeared and had a full

opportunity to present their respective positions. At the close of the arguments I issued several decisions on the record, in which, after applying the requisite legal standards, I denied in part and granted in part the Letter-Motions pending before the Court. I also provided further detail regarding my reasoning and addressed the specific issues raised by the parties. A summary of the holdings made by the Court follows.

## I. PLAINTIFF'S DEPOSITION

As an initial matter, Defendant's counsel seeks an order from this Court compelling Plaintiff to attend and participate in his deposition, and notes that a previously scheduled deposition did not go forward due to the objection of Plaintiff. Dkt. Nos. 96 & 100. Plaintiff explains that he did not go forward with his deposition because he was not provided sufficient advanced notice that the deposition was to occur. Dkt. No. 92. Plaintiff, however, has now assured the Court that he is prepared to proceed with his deposition provided he is given sufficient notice. Accordingly, the Court hereby directs that Plaintiff's deposition by video be completed during the month of January, 2021. As explained in detail during the telephone conference, it is Plaintiff's obligation to be sworn in and to participate in the deposition and to answer questions. Plaintiff is advised that disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a ground on which Plaintiff may refuse to answer appropriate questions. The failure of Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P. 37. Objections made in good faith in accordance with governing rules are not

prohibited.  In light of the foregoing, the Court hereby extends the discovery deadline in this matter until January 31, 2021, solely for the purposes of completing Plaintiff's deposition and, as noted hereafter, to complete the *in camera* review of the Defendant's personnel file.

## II.  DEPOSITION OF THE DEFENDANT AND NON-PARTIES

Plaintiff has indicated his desire to depose Defendant Jaynes, as well as numerous non-parties, and he has requested subpoenas to facilitate those depositions.  Dkt. Nos. 94, 97, & 99.  During the recently held telephone conference with the Court, however, Plaintiff Smith acknowledged that he does not have the ability to hire a stenographer to conduct those depositions.  The Court explained to the *pro se* Plaintiff that the Court is not authorized to expend court funds for this purpose.  *E.g. Mitchell v. Annucci*, 2019 WL 6606116, at *6 (N.D.N.Y. Dec. 5, 2019) ("A litigant, even if granted *in forma pauperis* ('IFP') status, does not have a right to conduct a deposition without bearing (1) the cost of a deposition stenographer[,] (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of Civil Procedure, or (3) the copying cost of any deposition transcripts" and "[u]nless and until plaintiff . . . can establish that he is in a position to bear those costs . . . the Court will not consider a motion for leave to conduct the requested depositions.").  In light of the practical inability of Plaintiff to conduct a deposition, Plaintiff's request in this regard is denied.

Plaintiff suggests that, in light of his inability to conduct depositions, he be granted an opportunity to submit interrogatories to the non-parties, but the Court explained that such interrogatories are limited to parties. FED. R. CIV. P. 33 ("[A] *party* may serve on any *other party* no more than 25 written interrogatories") (emphasis added). Therefore, Plaintiff's request to submit interrogatories is also denied.

### III. DEFENDANT'S DISCOVERY RESPONSES

Plaintiff notes his objections to many of the discovery responses submitted by Defendant and his counsel, but during the discovery conference specifically pointed to Defendant's failure to provide his personnel file. Defendant's counsel objected to the production of the file out of concerns that it contains both personal and immaterial information. In order to facilitate the discovery process in this case, but to simultaneously protect Defendant against disclosure of personal and irrelevant information, the Court hereby directs that Defendant's counsel make arrangements for a bates stamped copy of Defendant's personnel file, including any disciplinary history that may be contained in any other file, to be supplied to chambers for purposes of an *in camera* review. That production shall occur within the next 30 days. The Court has reviewed the Defendant's remaining objections to Plaintiff's discovery demands, and upholds those objections.[1]

---

[1] All other pending requests for discovery by Plaintiff are denied for the reasons set forth during the Court's conference with the parties.

## IV. APPOINTMENT OF COUNSEL

Also pending is a Motion for Appointment of Counsel and to Stay Proceedings. Dkt. No. 105. In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in addressing such motions. In deciding whether to appoint counsel, the court should determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp. v. Horowitz*, 28 F.3d at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

At the current time, Plaintiff fails to demonstrate his entitlement to appointment of counsel. Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, as noted, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d at 61). This is not to say that all, or indeed any, of these factors are controlling

in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995).

For purposes of this application, the Court will assume, without deciding, that the case may be of substance. A review of the file in this matter reveals that the issues in dispute are not overly complex. It appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action.

While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez v. O'Keefe*, 899 F. Supp. at 974. This Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.

Nor is a stay of proceedings warranted here. The Second Circuit has recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (internal quotations and citations omitted). "The person seeking a stay bears the burden of establishing its need." *Id.* at 97. All outstanding discovery issues have been resolved and new scheduling deadlines have been put in place.

This matter is ready to proceed. Plaintiff's conclusory allegations that he cannot proceed are no basis for a stay as all parties have a legitimate interest in the resolution of this case.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Defendant's Letter-Motions to Compel Plaintiff's deposition (Dkt Nos. 96 & 100) are hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motions to Depose Defendant and various non-party witnesses, and to have the Court issue subpoenas to facilitate those depositions (Dkt. Nos 92, 94, 97, & 99) are **DENIED**; and it is further

**ORDERED**, that Plaintiff's Letter-Requests for Discovery and objecting to the Defendant's discovery responses (Dkt. Nos. 88 & 98) are **GRANTED IN PART AND DENIED IN PART** as set forth above, and Defendant's counsel is directed to provide a bates stamped copy of his client's personnel file to the Court for an *in camera* review within the next thirty (30) days, but all other objections by Plaintiff to Defendant's discovery responses are **DENIED**; and it is further

**ORDERED**, that the discovery deadlines in this case are extended until January 31, 2021, for the limited purpose of completing Plaintiff's deposition and providing the Defendant's personnel file to the Court for an *in camera* review, and the deadline to submit dispositive motions is hereby extended until March 31, 2021; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel and to Stay Proceedings (Dkt. No. 105) is **DENIED**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: December 23, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge