UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES J. SMITH,

        Plaintiff,

        -v-                      9:18-CV-1107

JAYNES, Corrections Officer,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

CHARLES J. SMITH
Plaintiff, Pro Se
96-A-6765
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

HON. LETITIA JAMES           ERIK B. PINSONNAULT, ESQ.
New York State Attorney General  Ass't Attorney General
Attorneys for Defendant
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

    On September 14, 2018, *pro se* plaintiff Charles J. Smith ("plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this action alleging that various

defendants violated his civil rights while he was incarcerated at Cayuga Correctional Facility in July of 2018.  Dkt. No. 1.

Although the complaint was initially dismissed, plaintiff later filed an amended complaint in which he asserted, *inter alia*, a 42 U.S.C. § 1983 First Amendment retaliation claim against defendant Correction Officer Raymond Jaynes ("CO Jaynes") for allegedly issuing him a false misbehavior ticket. Dkt. No. 16.  Plaintiff's other claims were dismissed, *id.*, and the parties proceeded to discovery on the § 1983 retaliation claim against CO Jaynes.

Thereafter, the parties cross-moved for summary judgment.  Dkt. Nos. 114–15, 119.  On February 18, 2022, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendant's motion for summary judgment be granted and plaintiff's motion for summary judgment be denied.  Dkt. No. 131.

Judge Stewart found that plaintiff failed to exhaust his prison administrative remedies and failed to establish a triable issue of fact regarding whether those remedies might have been functionally unavailable to him.  Dkt. No. 131. Even assuming otherwise, Judge Stewart determined that plaintiff's § 1983 retaliation claim would fail on the merits.  *Id.*

Plaintiff has not filed objections, and the time period in which to do so has expired.  *See* Dkt. No. 131.  Upon review for clear error, the R&R will be accepted and adopted in all respects.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

3. Defendant's motion for summary judgment is GRANTED;

3. Plaintiff's motions for summary judgment are DENIED; and

4. Plaintiff's amended complaint is DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: March 8, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge